UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

_____
                                    )
Serhat YILMAZ,                      )
A 215-796-965                       )
                                    )
                                    )   **PETITION FOR WRIT OF MANDAMUS**
                                    )
                                    )
                                    )
                                    )   Case No.: 4:23-cv-464
                                    )
                                    )
            Plaintiff,              )
                                    )
                                    )
                                    )
v.                                  )
                                    )
Marie Hummert, Houston Asylum       )
Office Director at USCIS,           )
Department of Homeland Security;    )
Antonio Donis, Arlington Asylum     )
Office Director at USCIS,           )
Department of Homeland Security;    )
Ur Mendoza Jaddou, Director at USCIS, )
Department of Homeland Security;    )
Alejandro Mayorkas, Secretary,      )
Department of Homeland Security;    )
Merrick Garland, Attorney General at )
U.S. Department of Justice          )
                                    )
&                                   )
                                    )
Christopher A. Wray,                )
Director, Federal Bureau of         )
Investigation,                      )
                                    )
            Defendants.             )
_____)

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS**

Plaintiff, Serhat Yilmaz, by and through his undersigned attorney, files this Complaint, hereby stating and alleging the following:

**NATURE OF THE ACTION**

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §1361; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §555 and §702, the Administrative Procedure Act ("APA"). Plaintiff requests issuance of an order to compel Defendants to adjudicate Plaintiff's Form I-589, Application for Asylum and for Withholding of Removal, which was received and pending as of August 1, 2018. **Exhibit A**.

2. Plaintiff provided all necessary documentation to allow USCIS to adjudicate his I-589 Application. Plaintiff moved from his previous residence in Rockville, MD to his current residence in Flower Mound, TX in July 2022 and properly a change of address request with USCIS. Plaintiff also notified both the Arlington and Houston Asylum Offices and requested transfer of jurisdiction and interview scheduling multiple times. **Exh. F – P**.

3. Despite Plaintiff's several requests, USCIS and its subagencies improperly withheld timely action on the Asylum Application to Plaintiff's detriment for around five years and on his request for case transfer around a year.

**PARTIES**

4. The Plaintiff is Serhat Yilmaz. Mr. Yilmaz is a national and citizen of Turkey. He currently resides at 813 Carter Ct, Flower Mound, TX.

5. The Defendants are (i) The Department of Homeland Security and its component subagencies charged with adjudicating Plaintiff's Asylum Application, (ii) Federal Bureau of Investigation (FBI), and (iii) federal officials sued in their official capacities employed by the agencies.

6. USCIS is the Defendant Agency charged with inter alia adjudicating applications for asylum. It has the obligation to adjudicate Plaintiff's Asylum Application. The Arlington Asylum Office is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiff's Asylum Application and transfer his case to the appropriate jurisdiction under applicable regulations. The Houston Asylum Office is an office within USCIS and the federal agency with direct authority and responsibility to ensure completion of case transfer and adjudicate Plaintiff's Asylum Application. These named USCIS officials have direct control and responsibility over Plaintiff's I-589 Application. The FBI is named as a party to this action

because it has direct control over the security checks relating to the Application. Any named Defendant is sued in his or her official capacity only.

## LEGAL BASIS

7. Under the Administrative Procedure Act ("APA"), within a reasonable time, each agency must "conclude a matter presented to it," 5 U.S.C. § 555(b), and "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1).

8. Asylum seekers have a right to apply for asylum pursuant to 8. U.S.C. § 1158 (a) (section 208 (a) of the INA), which provides that "[a]ny alien who is physically present in the United States or who arrives in the United States, (...) irrespective of such alien's status, may apply for asylum." See *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1038 (5th Cir. 1982).

9. It is well-established that where individuals are given a right to apply for a benefit, they also have a right to receive a decision on their application. *Iddir v. I.N.S.*, 301 F.3d 492, 500 (7th Cir. 2002). The administrative authority delegated by Congress has a non-discretionary and mandatory duty to adjudicate those applications within a reasonable time, regardless of the ultimate decision on the application. *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999.)

10. Even where the enabling statute does not impose such duty or set a time limit, the administrative authority is still bound by the APA and must process the application and reach a decision. *Id*.; *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997); *Razik v. Perryman*, No. 02 C 5189, 2003 WL 21878726 at *1-2 (N.D.Ill. Aug. 7, 2003.); *Villa v. U.S. Dept. of Homeland Sec.*, 607 F. Supp. 2d 359, 365 (N.D.N.Y. 2009). Therefore, USCIS has the discretion to deny or grant a benefit but does not have discretion to not adjudicate an application. *Villa*, 607 F. Supp. 2d at, 363; *Iddir*, 301 F.3d at 500; *Patel*, 134 F.3d at 933; *Yu*, 36 F. Supp. 2d at 932; *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008).

11. DHS itself has also imposed such a duty to complete adjudication in its own regulations, 8 C.F.R. § 208.9(a), and as the Supreme Court holds, these regulations have the "force of law." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004).

12. Pursuant to INA § 208 (d), USCIS has a statutory obligation to commence an initial interview on asylum applications no later than 45 after the date an application is filed and to complete adjudication of the application within 180 days of the initial filing date. 8 U.S.C § 1158 (d)(5)(A)(ii-iii). Even though the INA's following paragraphs in the same subsection limit applicants' ability to pursue a private lawsuit in the event that the adjudication of their application exceeds 180 days, this limitation on a private right of action is construed to apply only to the

previous subsection. *Id.* § 1158 (d)(7). *Alkassab v. Rodriguez*, No. 2:16-CV-1267-RMG, 2017 WL 1232428, at *3 (D.S.C. Apr. 3, 2017). In other words, although an asylum applicant may not have a claim under § 208(d) of the INA since the provided time frame is not enforceable, they still have an inherent right to receive an ultimate decision on their application pursuant to § 208(a) of the INA and to receive such decision within a reasonable time pursuant to the APA. *Id*.

13. Hence, an applicant may demand a court to compel administrative action should their asylum application not be adjudicated within a reasonable time. As a matter of fact, in *Pesantez v. Johnson*, the court held that by enacting such a "no-private-right provision" on the adjudication time frame, Congress intended to instruct the "Attorney General not to procrastinate unnecessarily." No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at*2 (E.D.N.Y. Sept. 17, 2015). Finding that the statutory time frame is still instructive for the administrative authority, the *Pesantez* Court concluded that in evaluating whether the delay in adjudication is reasonable, courts should refer to the 45-and 180-day time frame in INA § 208(d). *Id*.

14. Therefore, an asylum applicant has a claim under APA should they show that the agency action was unreasonably delayed according to statutory guidelines that are instructive per Congress. *Id*.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §1331; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701 *et seq*., the APA. It also has jurisdiction in conjunction with 28 U.S.C. §1346 (United States as a defendant); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. §2201-2202 (Declaratory Judgment Act); 5 U.S.C. §551 *et seq*. and §701 *et seq*. (the APA; and Rules 57 (Declaratory Judgments) and 65 (Injunctions) of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions.

16. <u>Exhaustion of Remedies</u>. Plaintiff has exhausted all administrative remedies available to him. Defendants have failed to provide any meaningful explanation or justification for their failure to adjudicate Plaintiff's Asylum Application for almost five years from the receipt of his application on August 1, 2018. Plaintiff has made numerous unsuccessful attempts to obtain a resolution of the delay described in this Complaint. These attempts include written and verbal inquiries to the Congressional Offices of Michael Burgess, numerous emails to the USCIS Arlington and Houston Asylum Offices and to the Arlington Asylum Office Director Antonio Donis, online inquiries with USCIS, and filing a short-notice list request to schedule an interview by email with the Arlington Asylum Office.

17. As the inquiries demonstrate, USCIS's responses have been insufficient. Pursuant to INA § 208 (d), USCIS has a statutory obligation to schedule an asylum interview within 45 days of the initial

filing date and adjudicate asylum applications within 180 days completely, and Plaintiff's Asylum Application has been pending for more than 1740 days without being scheduled for an interview. The subject case is clearly outside the Congressional intended time frame, and Plaintiff suffers from this excessive and unreasonable delay.

18. Venue lies in the United States District Court for District of Columbia, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer . . . of the United States . . . acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which … a defendant in the action resides." *Id*. Venue is proper in this District because Plaintiff resides in Flower Mount, Denton County, TX.

## FACTUAL ALLEGATIONS

19. Mr. Serhat Yilmaz is a native and citizen of Turkey who timely and properly filed his Form I-589 Application with USCIS Arlington Asylum Office on August 1, 2018, under 8 U.S.C. § 1158 and 8 C.F.R. § 208 (d). Defendants acknowledged and receipted his Application with the receipt number ZAR1800100700. **Exh. A**.

20. On June 10, 2022, Mr. Serhat Yilmaz's counsel, Ms. Yllka Seseri, submitted a request to the Arlington Asylum Office to place the Plaintiff's asylum case on the Arlington Asylum Office's short-notice list, to which the said office only responded on July 28, 2022, requesting that Ms. Seseri submit a Form G-28 to enter appearance on the case and to be able to communicate with the Asylum Office, even though Ms. Seseri had already submitted a G-28 along with the short-notice list on behalf of Plaintiff on June 10, 2022, and prior to that on April 4, 2022. Although the counsel's office immediately resubmitted Ms. Seseri's Form G-28, the Arlington Asylum Office has never acknowledged the receipt and processing of Plaintiff's short-notice request. **Exh. B – D**.

21. Plaintiff moved from his previous address in Rockville, MD on July 4, 2022 and properly and timely filed an AR-11 change of address request with USCIS to reflect his physical and mailing address as Flower Mound, TX. Plaintiff's change of address request was processed and completed by USCIS on July 20, 2022. **Exh. E**.

22. On July 28, 2022, Plaintiff's counsel Ms. Seseri's office, sent an email to the Arlington Asylum Office and requested that the Plaintiff's address be updated to his new address in TX and that his case be transferred to the appropriate jurisdiction. Despite her multiple attempts, the Arlington Asylum Office never provided Ms. Seseri with a response in connection with this inquiry. **Exh. F**.

23. On August 18, 2022, Ms. Seseri, sent another email to the Houston Asylum requesting acknowledgment that the Plaintiff's address had been updated in accordance with the previously filed AR-11 and that the case had been transferred to the Houston Asylum Office. On August 27, 2022, the Houston Asylum Office confirmed that it would update Mr. Yilmaz's address in the asylum case system if the Counsel could verify his address and that it would ensure a transfer of jurisdiction is done from the Arlington Asylum Office to the Houston Asylum Office. **Exh. G**.

24. On September 1, 2022, Ms. Seseri provided the Houston Asylum with the requested information and documents and asked again for the Houston Asylum Office's further assistance with the processing of the Plaintiff's change of address, proper transfer of jurisdiction from the Arlington Asylum Office, and interview scheduling on an expedited basis given Mr. Yilmaz's wife's work as a front-line health care worker. On September 4, 2022, the Houston Asylum Office forwarded Ms. Seseri's request to the Arlington Asylum Office by including this Office in the same email exchange. **Exh. H**.

25. On September 22, 2022, upon the Arlington Asylum Office's response to a previous inquiry Ms. Seseri placed regarding dependent filing on April 21, 2022, Ms. Seseri submitted another request to the Arlington Asylum Office seeking assistance with the processing of Mr. Yilmaz's change of address request and transfer of jurisdiction of his case to the Houston Asylum Office. The Arlington Asylum Office failed to respond to this inquiry. **Exh. I**.

26. On October 21, 2022, Mr. Serhat Yilmaz sought the assistance of the Offices of Representative Michael Burgess in submitting requests to USCIS regarding transfer of his asylum case to the appropriate jurisdiction and processing of his asylum Application. On November 1, 2022, Congressman Burgess' office informed Mr. Yilmaz that his case was yet to be transferred from the Arlington Asylum Office and that he would be pending interview scheduling with the Houston Asylum Office only after the transfer was complete. **Exh. J**.

27. On October 26, 2022 and November 2, 2022, pursuant to online inquiries he sent to USCIS through the e-Service tool on August 18, 2022, Mr. Yilmaz received confirmation that his case was currently in a transfer status to the Houston Asylum Office from the Arlington Asylum. The inquiry response further instructed that for completion of the transfer, Mr. Yilmaz needed to contact the Arlington and Houston Asylum Office and notify them of his current residential address. **Exh. K**. Following this, Ms. Seseri contacted the Arlington and Houston Asylum Offices again to ensure that Mr. Yilmaz's address was correct on file. The Arlington Asylum Office did not respond to this inquiry. **Exh. L**. The Houston Asylum Office, on November 13, 2022, provided confirmation that although Mr. Yilmaz's address was up to date reflecting his Texas address, the case was still currently pending with the Arlington Asylum Office despite the

    Houston Office's outstanding request and that the case transfer would be only completed when the Arlington Office forwarded the permanent file to the Houston Asylum Office. **Exh. M**.

28. On February 2, 2023, Ms. Seseri's office requested an update and the Houston Asylum Office's assistance with the matter again. In its response, the Houston Office indicated that Mr. Yilmaz's file was still pending shipment from the Arlington Asylum Office despite the Houston Office's several requests since October 2022. **Exh. N**.

29. Following the Houston Asylum Office's confirmation that the file was still with the Arlington Asylum Office, on February 3, 2023, Ms. Seseri submitted a follow-up inquiry to the Arlington Asylum Office and Director Antonio Donis, requesting an update regarding the status of Mr. Yilmaz's application and the immediate transfer of his case to Houston so that the office could process his application. The Arlington Asylum Office responded to this inquiry on February 15, 2023, stating that although it had ordered Mr. Yilmaz's files back from its off-site storage, it had not yet received them. **Exh. O**.

30. On February 23, 2023, Ms. Seseri attempted to contact the Arlington Asylum Office again, asking for an estimated timeframe for when the requested files would be received and transferred. She further indicated that to expedite the transfer of the case to the Huston Asylum Office, she stood ready to provide any information or documents if needed by the Arlington Asylum Office. Ms. Seseri has never been provided with a response with respect to this inquiry. **Exh. P**.

31. Despite his and his attorney's several attempts, as outlined above, the Plaintiff's Application remains pending with the Arlington Asylum Office and has yet to be transferred to the proper jurisdiction for interview scheduling and further processing. Defendants are unreasonably delaying the adjudication of the Plaintiff's I-589 Application by failing to mail his files to the appropriate office that has jurisdiction over the Plaintiff's case and schedule an interview on his Application that has been pending for almost five years.

32. Plaintiff has a clear right to have his Application adjudicated within a reasonable time. Even though Defendants have sufficient information to process Plaintiff's I-589 Application and case transfer request, they have been unreasonably delaying to send his files to the proper jurisdiction and to process his case for further steps and depriving Plaintiff of the rights to which he is entitled to by law.

33. The adjudication of Plaintiff's I-589 Application is a non-discretionary act that USCIS must complete in a timely fashion. Section 208 (d) of the INA clearly indicates that Congress unequivocally intended for asylum applications be scheduled for an interview within 45 days and completed within 180 days and not be delayed. In the present case, Plaintiff's I-589 Application has been pending for more than 1740 days and counting. USCIS and its subagencies' failure to

transfer his case to the appropriate office for more than 300 days is further delaying the processing of the Plaintiff's case and amplifying the prolonged uncertainty he is experiencing while his Application remains unadjudicated. The stark contrast between the Congressional intent and the time Defendants have been withholding the adjudication makes it clear that the delay is excessive and USCIS has failed its obligation to timely discharge its duties. *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 77-82 (D.C. Cir. 1984); *Potomac Electric Power Co. v. ICC ("PEPCO")*, 702 F.2d 1026, 1034.

34. The Defendants' unreasonable delay and failure to adjudicate Plaintiff's Application violated his rights and caused a significant hardship. Asylum applicants, by definition, flee their countries due to the fear of torture and persecution. Human health and welfare is at its highest risk in the asylum context, and the indefinite and unreasonable administrative delays in adjudication jeopardize human welfare and significantly prejudice applicants. *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016); *Kashkool v. Chertoff*, 553 F.Supp.2d 1131, 1145 (D.Ariz.2008). The insecurity of the asylum seeker status damages applicants' lives significantly as they cannot stabilize their lives with impediments to their employment and travel ability. *Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014). This uncertainty has a substantial negative impact on their welfare and peace of mind. *Geneme v. Holder*, 935 F. Supp. 2d 184, 194 (D.D.C. 2013).

35. In the present case, the Plaintiff's physical and economic welfare is injured by the lack of finality in his Asylum Application. Plaintiff's status is vulnerable by nature as asylum seekers lack access to adequate legal, political and physical protection, and he is denied asylee status and the numerous benefits attached to it. Plaintiff suffers a significant hardship due to his prolonged precarious status created by the unjustified delay by USCIS and the FBI.

36. Although USCIS has discretion under the law and must consider national security and safety, it is well-established that these principles can never outweigh the Plaintiff's interest in adjudication. *Asmai*, 182 F. Supp. 3d at 1096. Plaintiff's economic and human welfare takes priority over these principles after a certain justified time has passed. *Id*.

37. No other adequate remedy is available to Plaintiff, and he is prevented from further immigration benefits as he cannot cure his current situation and pursue other immigration options. The Defendants' failure of their statutory duty to adjudicate Plaintiff's Application put the Plaintiff's life on hold and slowed the process of obtaining asylee status, and ultimately, permanent residence and citizenship. *Kashkool*, 553 F.Supp.2d at 1145. The Defendants' unreasonable and unjustified delay precludes Plaintiff from the opportunity to enjoy his daily life. *Id*.

38. It is imperative that Plaintiff's Application be adjudicated as soon as possible. Defendants failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiff's Asylum Application, and the extreme delay in processing cannot be justified by their lack of resources. *Zhou v. F.B.I.*, No: 07-CV-238-PB, 2008 WL 2413896, at *7 (D.N.H. June 12, 2008); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007).

39. Defendants did not adequately respond to Plaintiff's inquiries and attempts to compel the completion of case transfer and adjudication of his Application. Each of the applicant's requests for a status update was either ignored or provided with an insufficient indicative of a lack of meaningful review and effort on the part of the Defendants in considering and addressing Plaintiff's request for information on the status of his case. Furthermore, even though Plaintiff has repeatedly complied with the instructions provided by USCIS and the Arlington and Houston Asylum Offices to complete transfer of his case, these agencies failed to manage simply mailing the Plaintiff's files to another city and process his case for an interview although they had his Application for nearly five years.

40. Plaintiff has been waiting patiently for more than 1740 days to be scheduled for an interview and 300 days for his case to be transferred, and has no other adequate remedy for USCIS' failure to adjudicate his I-589 Application and complete jurisdiction transfer and the FBI's failure to complete the background check.

## CAUSES OF ACTION

### Count 1

### Violation of Administrative Procedures Act,

### 5 U.S.C. §555 et seq. and §701 et seq.

41. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.

42. Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C., which requires federal agencies to conclude matters with reasonable promptness. It is the intent of Congress that the processing of an asylum application should be completed not later than 180 days after the initial filing of the application. *Pesantez*, 2015 WL 5475655, at*2. Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed. As a result of the Defendants' actions, Plaintiff has suffered irreparable and/or other harm, thereby entitling him to injunctive and other relief.

## Count II

### Violation of 8 C.F.R. § 208.9

43. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.
44. By delaying the adjudication of Plaintiff's Application, Defendants violate 8 C.F.R. §245.3, which states, in part, that "[t]he Service shall adjudicate the claim of each asylum applicant whose application is complete within the meaning of § 208.3(c)(3) and is within the jurisdiction of the Service." Plaintiff has demonstrated eligibility for asylum and provided all documents for adjudication pursuant to INA section 208 and in compliance with. 8 C.F.R. § 208.9. Nonetheless, his Application for asylum remains unadjudicated. As a result, Plaintiff has suffered and will suffer irreparable harm, thereby entitling him to injunctive and other relief.

## Count III

### Declaratory Judgment, 28 U.S.C. §2201

45. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.
46. The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint are a violation of the INA, a breach of the Defendants' statutory duties, unconstitutional, arbitrary, and capricious. Plaintiff seeks a declaration to that effect pursuant to 28 U.S.C. §2201, further declaring that Defendants are compelled to adjudicate Plaintiff's I-589 Application within thirty (30) days.

## Count IV

### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

47. Plaintiff incorporates paragraphs 1 through 30, as if fully stated in this Count.
48. The Defendants' practices, policies, conduct, and/or failures to act as alleged in this Complaint violate the Plaintiff's right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Plaintiff is protected by the Fifth Amendment and is guaranteed the enjoyment of due process and equal protection. Because of the delay by Defendants in adjudicating his asylum, Plaintiff has suffered a violation of his due process rights and irreparable and other harm, thereby entitling him to injunctive and other relief.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court issue a writ directing Defendants to do the following:

1. Order DHS to properly transfer the Plaintiff's case to the appropriate jurisdiction and adjudicate Plaintiff's I-589 Application;
2. Grant Plaintiff his reasonable attorney fees and costs of this action;
3. Grant such further relief as is just and equitable.

                                                      Respectfully submitted,

                                                      YLLKA SESERI
                                                      Attorney for Plaintiff

By: /s/Yllka Seseri
YLLKA SESERI
Davidson & Seseri, LLC
10 S LaSalle Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 561-6000